I disagree with the majority's conclusion that under these facts there could not be a finding of probable cause with respect to the crime of theft by deception as defined in Code 1975, § 13A-8-2(2).
There are two categories of actions by Rhyne that the defendants claim create probable cause. First are those actions taken when Rhyne initially purchased the car. Those include using a false name and misrepresenting his employment status. Second are Rhyne's actions in not paying for the car orreturning it to the defendants. As to the second category of actions, I agree that those actions do not support a finding of probable cause with respect to a charge of theft by deception. However, I believe that the actions in the first category do support a finding of probable cause.
The critical issue is whether the defendant is an "owner," as defined in Code 1975, § 13A-8-1(8). The majority correctly concludes that obtaining goods on credit by false pretenses would constitute a crime under § 13A-8-2, but in my opinion, incorrectly creates an exception when the seller of the goods also takes a security interest in the goods obtained by false pretenses.
At the time the misrepresentations were made to obtain the car, the defendants in fact were the owners, because at that time the defendants had possession of the car and had not yet taken a security interest in the car. The misrepresentations were made to induce the defendants to transfer possession of the property and to enter into *Page 312 
a debtor-creditor relationship covered by a security agreement.
I do not believe that the legislature created the exception that the majority finds. The comments to § 13A-8-1(8) indicate that most of the definitions are derived from the Illinois, New York, or Michigan codes. As to the definition of "owner," only the New York code has a similar definition. The New York code defines an "owner" as:
 "When property is taken, obtained or withheld by one person from another person, an 'owner' thereof means any person who has a right to possession thereof superior to that of the taker, obtainer or withholder.
". . .
". . .
 "In the absence of a specific agreement to the contrary, a person in lawful possession of property shall be deemed to have a right of possession superior to that of a person having only a security interest therein, even if legal title lies with the holder of the security interest pursuant to a conditional sale contract or other security agreement."
N Y Penal Law § 155.00(5) (McKinney 1975).
The comments to that section explain why "owner" is so defined:
 "Some of the most difficult problems in the 'ownership' area arise in cases in which there is some sort of security agreement between the alleged 'owner' and 'thief' involving the allegedly 'stolen' property. Here, it appears that lawful possession of the moment is the salient factor, and that one who enjoys such is not chargeable with larceny in withholding the property from the titular owner and, indeed, becomes the victim of a larceny if the latter takes it from him under a claim of title based upon a security interest (see People v. Gluck, 1907, 188 N.Y. 167, 80 N.E. 1022; People ex rel. Travis v. Sheriff of Cortland County, 1949, 275 App. Div. 444, 90 N.Y.S.2d 848)."
People v. Gluck, 188 N.Y. 167, 80 N.E. 1022 (1907), illustrates that under prior law a secured party could charge a defaulting debtor with larceny if he refused to return the collateral. InPeople ex rel. Travis v. Sheriff of Cortland County,275 A.D. 444, 90 N.Y.S.2d 848 (1949), a case factually different but somewhat analogous (lienholder in possession of property charges titleholder with larceny after titleholder takes property), Justice Hefferman noted that while the indictment did charge a crime, the whole controversy revolved around the validity of the lien and such a controversy should be disposed of in a civil action.
Apparently, the drafters of the criminal code made a decision to decriminalize the situation where a debtor defaults on an obligation secured by a security interest and refuses to returnthe collateral. However, I see no indication that the drafters intended to decriminalize a situation where a person knowingly induces a party by deception to part with his property and also to enter into a security agreement.
Therefore, I respectfully dissent.